**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:      **ANGELA P. FREEMAN,**      :      **Chapter 13**
                                           :
                    **Debtor.**          :      **Bky. No.  14-19611 ELF**
                                           :
                                         :

# O P I N I O N

## I.  INTRODUCTION

In this chapter 13 case, Debtor Angela P. Freeman ("the Debtor") seeks both

    (1)   the disallowance of a proof of claim as unenforceable due to the expiration of the applicable statute of limitations; and

    (2)   sanctions against the claimant under Fed. R. Bankr. P. 9011 for the filing of the proof of claim.

The Debtor frames her request for sanctions as an attempt to protect the bankruptcy claims allowance process from the conduct of a creditor who

> file[d] a "stale" Proof of Claim  .  .  .  with knowledge that the claim is unenforce[a]ble; not in the belief that the claim is valid, but in the hope that it will not be noticed, or that the Debtor will have no incentive to object.

(Debtor's Mem. at 7) (unpaginated).  The Debtor asserts that such creditor conduct harms other creditors who hold and timely file valid proofs of claim by diluting their distribution from the bankruptcy estate.  (Id. at 6).

For the reasons set forth below, I will disallow the proof of claim at issue because it is unenforceable under applicable nonbankruptcy law.  However, I will deny the Debtor's request for sanctions because sufficient grounds do not exist in this case to impose sanctions on the

-1-

claimant under Rule 9011 for filing a "stale proof of claim."[1]

## II.  PROCEDURAL HISTORY

The Debtor filed a chapter 13 bankruptcy case on December 5, 2014.  On February 23,

2015,  Palisades Collections, LLC ("Palisades") filed a proof of claim ("the POC"), asserting a

general unsecured claim in the amount of $316.23.  The claim is based on a bill from Verizon

Pennsylvania, Inc. ("Verizon") for unpaid telephone services.  The POC identified Palisades as

the creditor, but stated that notices should be sent to Vativ Recovery Solutions, LLC ("Vativ").

The POC was signed under penalty of perjury by Stephen Braun, who identified himself as

Vativ's Assistant VP of Operations/Director of Litigation.

The POC was supported by copies of :

    (1)  a bill from Verizon dated April 28, 2004;

    (2)  a Bill of Sale of certain receivables from Verizon to Palisades Acquisition IX,
        LLC ("Palisades Acquisition"); and

    (3)  an assignment from Palisades Acquisition to Palisades of "certain receivables
        Palisades Acquisition purchased from Verizon."

On August 4, 2015, the Debtor filed what she styled as a "Motion for Sanctions Pursuant

to FRCP 11 and FRBP 9011" ("the Motion") (Doc. # 49).[2]  In the Motion, the Debtor pointed out

---

[1] In this Opinion, I will use the Debtor's term  – "stale proof of claim"  –  to refer to an otherwise properly filed proof of claim that appears, on its face to be unenforceable under applicable nonbankruptcy law due to the expiration, prior to the commencement of the bankruptcy case,  of the statute of limitations.

[2] This contested matter is governed by Fed. R. Bankr. P. 9011, not Fed. R. Civ. P. 11.

(continued...)

that the POC states neither the date of Verizon's last service nor the date of the last payment.

However, based on the attached Verizon bill from April 2004 – more than ten (10) years before

the Debtor commenced her bankruptcy case – the Debtor asserted that the applicable statute of

limitations, 42 Pa. C.S. §5525(a), has expired and that the claim "is completely without the

claimed value, uncollectable [sic] at law, and without reasonable basis in law or fact." (Motion

¶ 10).

Only the Debtor's counsel appeared at the hearing on the Motion on September 1, 2015.

At the conclusion of the hearing, I took the matter under advisement.  The Debtor filed a

memorandum of law in support of her position on September 15, 2015 and the matter is ready for

decision.


## III.  DEBTOR'S STANDING TO OBJECT TO THE POC

The Debtor seeks disallowance of the Proof of Claim and monetary sanctions for

prosecuting a successful objection to the Proof of Claim.  Disallowance of the claim is requested

under 11 U.S.C. §502(b)(1).

The Debtor also requests that sanctions be imposed for the asserted violation of Fed. R.

Bankr. P. 9011(b).  In making this request, the Debtor asserts that:

> •    the filing the POC was for the improper purpose of securing payment on an

---

[2](...continued)
However,  Rule 11 and Rule 9011 are almost identical.  Reported decisions under  under Rule 11 serve as
reliable precedent for Rule 9011.  See In re Theokary, 468 B.R. 729, 746 (Bankr. E.D. Pa. 2012) (citing
cases), aff'd sub nom. 592 F. App'x 102 (3d Cir. 2015).  Consequently, I will refer to the rules
interchangeably in this Opinion.

invalid claim, <u>see</u> Fed. R. Bankr. P. 9011(b)(1) and

- the claimant's failed to make a reasonable inquiry into the validity of the POC, <u>see</u> Fed. R. Bankr. P. 9011(b)(2).

(Motion ¶¶ 13-14).  In connection with the request for sanctions the Debtor posits that Palisades

and Vativ filed an invalid claim based upon the expectation that the Debtor lacks a sufficient

incentive to object to the claim and would not do so,[3] and that, similarly, the chapter 13 trustee

was unlikely to object to the claim.[4]

---

[3]        In her Memorandum, the Debtor states:

> [N]either a Debtor, nor Debtor's counsel, has an obligation to merely object to a proof of claim unless there is some positive result for the Debtor.  .  .  .  **[I]t rarely benefits a Debtor to object to unsecured claims**. The non-common case in a Chapter 13 where the Debtor is in a "100% Plan" or other Plan which necessitates paying most or all of the filed claims may be the only time where it would benefit the Debtor to merely object to such claims.  **Since someone has to pay for this work, it would be irresponsible for counsel to expect the Debtor to have to pay for work which does not benefit the Debtor**.

(Debtor's Mem. at 5-6) (unpaginated) (emphasis added).


[4]        In her Memorandum, the Debtor states:

> Neither the Chapter 13 Trustees nor the U.S. Trustee have shown any inclination to object to such worthless claims. So, absent some enforcement mechanism, the current situation virtually guarantees a feeding frenzy of less scrupulous debt-buyers, attempting to cash in on claims after paying only a few percent of the face value.

(Debtor's Mem. at 5-6) (unpaginated).


        The Debtor's observation  --  that the chapter 13 trustee is reluctant to engage in claims litigation  – is accurate in this district.  But perhaps that begs the real question: Should the chapter 13 trustee file objections to a claims in cases involving plans with a pro rata distribution where the face of one or more proofs of claim indicate that the claim appears time-barred?  <u>See generally</u> 11 U.S.C. §1302(b)(1) (requiring the trustee to perform certain duties under 11 U.S.C. §704, including §704(a)(5): "if a purpose would be served, examin[ing] proofs of claim and objecting to allowance of any claim that is improper"); <u>In re Hess</u>, 404 B.R. 747, 752 (Bankr. S.D.N.Y. 2009) ("the Chapter 13 Trustee plays a crucial role and has an important responsibility in assuring that only proper claims are allowed and paid

(continued...)

The Debtor's statement, that the claimant would surmise that she lacks an incentive to object to an invalid proof of claim appears accurate.  In this case, the Debtor's First Amended Plan, which was confirmed by order entered on August 19, 2015, provided for the payment of a fixed, base amount in plan payments and a pro-rata distribution to unsecured creditors after the distribution to more senior classes has been completed.  (See Doc. #'s 40, 57).  Thus, the allowance or disallowance of the POC cannot have any effect on the Debtor's payment obligations under the confirmed plan.  Nor has the Debtor suggested that any of the allowed claims are nondischargeable.  (If there were nondischargeable claims, the Debtor would have a financial  incentive to seek disallowance of invalid claims so as to increase the distribution to the holders of the nondischargeable claims and decrease the balance due on the nondischargeable debt after the completion of the case).

The Debtor's candid observation that she lacks an incentive to object to the POC leads to a threshold question whether the Debtor even has standing to object to the POC, a question that the court is obliged to consider sua sponte.  See, e.g., In re Gronczewski, 444 B.R. 526, 532 n.4 (Bankr. E.D. Pa. 2011) (citing cases).

---

[4](...continued)
from the debtor's estate").

In stating these questions, I am aware that the chapter 13 trustee usually lacks immediate access to the information necessary to evaluate the merits of filed claims, perhaps making his hesitancy to engage in claims litigation understandable.  This hesitancy may be tempered by the potential ease with which the trustee's may investigate a matter by obtaining the necessary information from the debtor.  See §521(a)(3) (requiring debtor to cooperate with trustee as necessary to enable trustee to fulfill his duties under §704); Fed. R. Bankr. P. 4002(a)(4) (same).  More importantly, as the present case illustrates, proofs of claim often show on their face that a plausible, if not compelling, ground for objection exists based on the apparent expiration of the statute of limitations.  Perhaps, at a minimum, the chapter 13 trustee should be filing that type of claims objection.

"The linchpin of standing, in the constitutional sense, is that the party seeking relief demonstrate exposure to some actual or threatened injury." In re Gronczewski, 444 B.R. 526, 533 (Bankr. E.D. Pa. 2011) (quoting and citing cases) (quotations omitted).  The Bankruptcy Code also addresses standing.  Section 502(a) of the Bankruptcy Code provides that a proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. §502(a).  The Code does not define a "party in interest."  To give meaning to the term, many courts have concluded that, in the bankruptcy context, a party must have a "pecuniary interest" in the outcome of the dispute.  See, e.g., In re Kaiser, 525 B.R. 697, 705 (Bankr. N.D. Ill. 2014); In re Bozman, 403 B.R. 494, 496 (Bankr. S.D. Ohio 2006); In re Manshul Constr. Corp., 223 B.R. 428 (Bankr. S.D.N.Y. 1998).

Here, to the extent the Debtor emphasizes that the filing and allowance of invalid claims does not have much impact on her, but rather harms creditors holding legitimate, allowed claims by diluting their distribution under her chapter 13 plan, she does not appear to be raising issues in which she has a pecuniary interest; she appears to be asserting the rights of third parties, not her own.  A litigant's assertion of the rights of third parties is at odds with generally accepted principles of standing.  See, e.g., Twp. of Piscataway v. Duke Energy, 488 F.3d 203, 209 (3d Cir. 2007) (as a matter of prudential standing, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); see also Powers v. Ohio, 499 U.S. 400, 410-11 (1991).

Despite the concerns expressed above, I am satisfied that the Debtor has the requisite personal interest in the allowance or disallowance of the POC to provide her with standing to object to the claim.

-6-

Many confirmed chapter 13 plans are not completed, resulting in dismissal of the case under 11 U.S.C. §1307(c)(4) and (6).  See Ed Flynn, Chapter 13 Case Outcomes by State, 33-AUG Am. Bankr. Inst. J. 40, 76 (August 2014).  Upon dismissal, a debtor remains liable on prepetition claims.  In light of the real risk that a plan will not be completed, leaving the debtor liable on the prepetition claims, the debtor has a legitimate interest in seeing that only valid claims (to which he or she has no defense) are paid by plan distributions.  In addition, if the chapter 13 trustee makes a distribution on a time-barred claim, the debtor has a legitimate concern that the trustee's payment pursuant to the debtor's plan may be asserted as an "acknowledgment" of the debt, resulting in the re-commencement of the limitations period.[5]  See U.S. v. Quinones, 36 B.R. 77, 79 (D.P.R. 1983).  But see In re Seltzer, 529 B.R. 385, 389-90 (Bankr. M.D. Ga. 2015).  Consequently, I conclude that the Debtor in this case has a sufficient stake in the outcome of the dispute to confer standing to object to this POC.[6]

---

[5]    Under Pennsylvania law, the acknowledgment of a debt, through a promise to repay the debt or an actual payment causes the statue of limitations to recommence.  See, e.g., United States v. Hemmons, 774 F. Supp. 346, 351 (E.D. Pa. 1991); Makozy v. Makozy, 874 A.2d 1160, 1170 (Pa. Super. Ct. 2005).

[6]    Other courts have agreed that a chapter 13 debtor has standing to object to proofs of claim, employing different rationales,.  See In re Sims, 278 B.R. 457, 483-84 (Bankr. E.D. Tenn. 2002); In re Roberts, 20 B.R. 914, 917 (Bankr. E.D.N.Y. 1982).

# IV. DISALLOWANCE OF THE POC

## A.  Procedural Irregularities

In seeking disallowance of the POC by filing the Motion, the Debtor did not invoke the

proper procedure.  Fed. R. Bankr. P. 3007 provides for disallowance of claims to be requested by

objection, not motion.

There is a significant difference between a contested matter arising from a claims

objection and one arising by motion.  Motion practice typically imposes a response requirement,

see, e.g., L.B.R. 9014-3(I) (Bankr. E.D. Pa.) ("an answer to a motion shall be filed and served . . .

no later than 14 days after the date on which the movant serves the motion"),[7] with the potential

for the grant of relief by default if no timely response is filed.  Claims objection practice includes

neither a response requirement nor a default procedure for failing to respond.[8]

---

[7]  The national bankruptcy rule on motion practice, Fed. R. Bankr. P. 9014(b), states that a written response to a motion shall be served within the time determined under Rule 9006(d).  Rule 9006(d) provides that a written response shall be served not later than one (1) day before the hearing on the motion (unless the court permits otherwise).  Thus, Rule 9006(d) sets an absolute deadline (unless the court orders otherwise) for filing a response, but does not preclude the promulgation of a local rule setting an earlier response deadline.

[8]  There is no response requirement in Fed. R. Bankr. P. 3007.  Further, Rule 3001(f) provides that a proof of claim filed in accordance with the rules of court not only serves the function of a pleading, but it also constitutes evidence that makes out a prima facie case supporting the validity and amount of the claim.  See In re O'Brien, 440 B.R. 654, 658 n.3 (Bankr. E.D. Pa. 2010) ("It is settled ... [that] the allegations of the proofs of claim are to be taken as true" (quoting In re Castle Braid Co., 145 F. 224, 228 (S.D.N.Y.1906)).  Thus, if a proof of claim is properly filed and makes out a prima facie case, it is not possible to "default" a claimant who does not respond to an objection to the claim.  Rather, before such the objection can be sustained, the court must hold a hearing at which the objector offers evidence that rebuts an element of the claim.  Once such evidence has been offered, the objector's burden of production has been met and the ultimate burden of proof rests with the claimant.  See, e.g., In re Wells, 463 B.R. 320, 326 (Bankr. E.D. Pa. 2011) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173–74 (3d Cir. 1992)).

The Debtor also erred by titling her motion as a motion for sanctions without indicating in the title that she was seeking disallowance of the POC.  Nevertheless, these procedural irregularities do not preclude consideration of the merits of the Debtor's objection to the POC.

In both the body of the Motion and the accompanying proposed order, the Debtor made it crystal clear that she was objecting to the POC and was requesting its disallowance.  Further, this matter proceeded in a manner entirely consistent with claims objection procedure, not motion procedure.  The Debtor effected service of the motion.  A hearing on the merits was held; the relief requested by the Debtor was not granted by default.  Thus, functionally speaking, the only difference between the Motion and a typical claims objection was the Debtor's mislabeling of the objection as a motion and the incorrect representation in the Notice of Motion that a response was required.[9]  In these circumstances, denial of the Debtor's request for relief on that basis would exalt form over substance, an outcome that is not compelled by the rules of court.  See Fed. R. Bankr. P. 1001 (the bankruptcy rules of court "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding").

### B.  Merits of the Claim Objection

With respect to the merits, the Debtor requests disallowance of the Proof of Claim, asserting that the claim is unenforceable under applicable nonbankruptcy law due to the expiration of the statute of limitations.  See 11 U.S.C. §502(b)(1) (claim should not be allowed if

---

[9]       Insofar as the Notice of Motion stated a response to the claims objection was required, it was wrong.  It was not wrong in advising that a response to the request for sanctions was required.

"such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured").

I will sustain the Debtor's objection to the POC.

The applicable statute of limitation in Pennsylvania is four (4) years.  42 Pa. C.S. §5525(a)(3), (8).[10]  The only evidence in the record is a bill for services provided to the Debtor that was issued more than ten (10) years before the bankruptcy case was filed.  It is reasonable to infer that the Debtor made no payments after the issuance of the bill and that the account has been in default for more than ten (10) years.

This evidence is sufficient to satisfy the Debtor's burden of production.  See n.8 supra. The claimant having failed to appear at the hearing to offer any further evidence on the issue, I find that the Debtor has established that the statute of limitations expired on this claim prior to

---

[10]      42 Pa. C.S. §5525(a) provides:

> (a)  General rule.--Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:
>
> •  •  •
>
> (3)  An action upon an express contract not founded upon an instrument in writing.
>
> •  •  •
>
> (7)  An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.
>
> (8)  An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

the filing of the bankruptcy case and therefore, the claim should be disallowed as unenforceable

under applicable nonbankruptcy law.  See In re Keeler, 440 B.R. 354, 360 (Bankr. E.D. Pa. 2009);

In re Michael Angelo Corry Inn, Inc., 297 B.R. 435, 438–39 (Bankr. W.D. Pa. 2003).


## IV.  DENIAL OF THE DEBTOR'S REQUEST FOR SANCTIONS

In addition to disallowance of the POC, the Debtor requests sanctions for the filing of the

POC under Fed. R. Bankr. P. 9011.  Unquestionably, Rule 9011 applies to proofs of claim.  See,

e.g., In re Hannon, 421 B.R. 728, 731 (Bankr. M.D. Pa. 2009); In re Abramson, 313 BR 195, 198

(Bankr. W.D. Pa. 2004).  However, as explained below, the Debtor has not established that the

filing of the POC in this case violated the standards of conduct in Rule 9011.  Therefore, I will

deny the request for sanctions.


### A.  Rule 9011, Generally

### 1.

Fed. R. Bankr. P. 9011, like its counterpart in the civil rules, Fed. R. Civ. P. 11, is

designed to deter abusive practices and otherwise streamline litigation.  See, e.g., In re Schaefer

Salt Recovery, Inc., 542 F.3d 90, 97 (3d Cir. 2008).  The centerpiece of the Rule is subsection

(b), which sets forth the standard of conduct to which attorneys and parties acting pro se must

adhere.

Fed. R. Bankr. P. 9011(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later
> advocating) a petition, pleading, written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the
circumstances,—

    (1)    it is not being presented for any improper purpose, such as to
             harass or to cause unnecessary delay or needless increase in the
             cost of litigation;

    (2)    the claims, defenses, and other legal contentions therein are
             warranted by existing law or by a nonfrivolous argument for the
             extension, modification, or reversal of existing law or the
             establishment of new law;

    (3)    the allegations and other factual contentions have evidentiary
             support or, if specifically so identified, are likely to have
             evidentiary support after a reasonable opportunity for further
             investigation or discovery; and

    (4)    the denials of factual contentions are warranted on the evidence or,
             if specifically so identified, are reasonably based on a lack of
             information or belief.

If a court determines that a violation of Rule 9011(b) has occurred, the court may impose

an appropriate sanction upon the attorneys, law firms, or parties that have violated the rule or are

responsible for the violation.  Fed. R. Bankr. P. 9011(c).[11]  The sanction may be non-monetary or

monetary in nature and, if monetary, may include an order to pay a penalty into the court or the

movant's reasonable attorney's fees.  Id.  Sanctions may be imposed upon request of a party, see

---

[11]      The Debtor requests sanctions against both Palisades (the claimant) and Vativ (the agent
that filed the POC on Palisade's behalf).  It is not entirely clear which party may be subject to sanctions
or whether both may be.  As the claimant, Palisades is a "party," but no Palisades representative signed
the "offending" document (i.e.,the POC) with the court.  Vativ's representative signed the POC, but did
so as Palisades agent.  Query whether Vativ was a "party" for purposes of Rule 9011(c)?  In light of my
denial of the request for sanctions, I need not resolve which entity or entities may be subject to sanctions
in this contested matter.

Fed. R. Bankr. P. 9011(c)(1)(A),[12] or upon the court's own motion, see Fed. R. Bankr. P.

9011(c)(1)(B).

## 2.

In this matter, the two (2) pertinent subsections of Rule 9011 are (b)(1) and (b)(2).

Rule 9011(b)(1) refers to the presentation of matters "for an improper purpose," giving as

examples, "to harass or to cause unnecessary delay or needless increase in the cost of litigation."

The examples are not exclusive.  Sanctions may be imposed "for any improper purpose."

2-11 James Wm. Moore, Moore's Federal Practice §11.11[8][a], at 11-33 (Matthew Bender 3d

ed. 2015) ("Moore's").  For example, bringing a matter before the court for "a purpose other than

. . .  to vindicate substantive or procedural rights or to put claims of a right to a proper test"  is

encompassed by Rule 9011(b)(1).  In re Jazz Photo Corp., 312 B.R. 524, 539-40 (Bankr. D.N.J.

2004) (quotation and citation omitted);  see also Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)

(lawsuit filed to compel a judge to recuse himself in a different case).

As counterintuitive as it might seem initially, the determination of "improper purpose"

---

[12]    Rule 9011 includes a safe harbor provision:

> [A] motion for sanctions may not be filed with or presented to the court unless,
> within 21 days after service of the motion . . . the challenged paper  . . . is not
> withdrawn or appropriately corrected  . . . .

Fed. R. Bankr. P. 9011(c)(1)(A).

If the moving party does not comply this twenty-one (21) day safe harbor notice requirement, the motion must be denied.  Schaefer, 542 F.3d at 99; see also C. Wright & A. Miller, 5A Fed. Prac. & Proc. Civ. §1337.2 (3d ed. West 2012) ("Wright & Miller").

In this case, the Debtor complied with the notice requirement.

-13-

also is based on an objective standard.  See, e.g., Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157

(3d Cir. 1986).  Essentially, this means that the propriety of the purpose is measured objectively

and the offending party or attorney cannot escape liability because he or she subjectively did not

intend to cause harm (e.g., harass the opposing party, delay the proceedings or impose

unnecessary litigation costs or any other improper purpose).

        Rule 9011(b)(2) attacks litigation abuse from a different direction.  It imposes the

requirement that an attorney or pro se party conduct a  "reasonable inquiry" prior to presenting a

claim or defense to the court and have a reasonable basis to assert that the claim or defense is

"warranted by existing law or by a nonfrivolous argument for the extension, modification, or

reversal of existing law or the establishment of new law."

        The evaluation whether a claim or defense is warranted or supported by a nonfrivolous

argument also is measured by an objective standard.  E.g., Martin v. Brown, 63 F.3d 1252, 1264

(3d Cir. 1995) (citation omitted).  Specifically, in evaluating whether Rule 9011(b)(2) has been

satisfied or violated, the court must employ "an objective standard of reasonableness under the

circumstances."  Martin, 63 F.3d at 1264 (quotations and citations omitted); see also Wright &

Miller §1335 & n.9.  No showing of bad faith is necessary.  See, e..g., Shine v. Bayonne Bd. of

Educ., 2015 WL 5559842, at *3 (3d Cir. Sept. 22, 2015) (unpublished); Martin, 63 F.3d at 1264.

The subjective state of mind of the offending attorney or party has no bearing.  Rule 9011's

objective standard eliminates any "empty-head pure-heart" justification for claims or arguments

that lack a reasonable basis in fact and law.  See, e.g., Clement v. Pub. Serv. Elec. & Gas Co.,

198 F.R.D. 634, 637 (D.N.J. 2001).  At the risk of oversimplification, as one court put it, pro se

parties and attorneys "are expected to take reasonable preparatory steps before filing pleadings or

other papers." <u>Trustees of the Nat. Elevator Indus. Pension, Health Ben., Educ., Elevator Indus.</u>

<u>Work Pres. Funds, Elevator Constructors Annuity & 401(K) Ret. Plan v. Access Lift & Serv.</u>

<u>Co., Inc.</u>, 2015 WL 1456040, at *2 (E.D. Pa. Mar. 30, 2015).[13]

## B.  Relevant Case Law: Filing Stale Proofs of Claim

### 1.

The Debtor has not specified the particular subsection of Rule 9011(b) on which she

bases her request for sanctions.    However, there is precedent in her favor under both subsections

(b)(1) and (b)(2).

The leading reported decision favorable to the Debtor is <u>Matter of Sekema</u>, 523 B.R. 651

(Bankr. N.D. Ind. 2015), in which the court based its ruling on Rule 9011(b)(2).

In <u>Sekema</u>,, the debtor successfully objected to a creditor's proof of claim as stale.  The

creditor did not contest the claims objection.  After disallowing the claim, the court <u>sua sponte</u>

issued a show cause hearing to consider sanctions under Rule 9011(b)(2).  The creditor neither

responded to the show cause hearing order or appeared at the scheduled hearing.

After holding that Rule 9011(b)(2) applies to proofs of claim and encompasses

consideration of obvious affirmative defenses, the <u>Sekema</u> court reasoned that it was obliged to

> undertake an objective inquiry into the obviousness of the debtors' statute of
> limitations defenses to the claims filed by Resurgent/LVNV and Jefferson Capital

---

[13]    An interesting question is whether Rule 11 is violated by a document filed for an improper purpose under (b)(1) when the document also is sufficiently "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law" under subdivision (b)(2). <u>Moore's</u> discusses the division of authority on the issue. <u>Moore's</u> §11.11[8][d]. I need not address the question in this case.

-15-

and whether those claimants undertook a reasonable investigation into that issue
before filing the claims.

<u>Sekema</u>, 523 B.R. at 654.

The court next determined that the statute of limitations defense was "blindingly obvious"

in that a "third-grader could do the math" to determine that the charge-off date on the account

more than ten (10) years prior was beyond the applicable six (6) year statute of limitations.  <u>Id.</u>

Finally, in light of the claimant's failure to appear at either the claims objection or the

sanction hearing, the court inferred that "there is nothing that could allow the court [to] conclude

that either claimant undertook any investigation into the obvious statute of limitations defense to

the claims they each filed, much less a reasonable one" and concluded that the filing of the proof

of claim violated Rule 9011(b)(2).  <u>Id.</u> at 654.

<u>Sekema</u> is grounded in the legal proposition that Rule 9011(b) compels a party to engage

in a "reasonable inquiry" to evaluate the merits of  "any obvious affirmative defenses" that may

exist to the claim.  There are many reported cases stating this principle in other contexts.[14]

<u>Sekema</u> is on all fours with the case <u>sub judice</u>, the only (nonmaterial) difference being

that the court invoked Rule 9011 <u>sua sponte</u> in <u>Sekema</u>, while in this case, the Debtor filed the

motion for Rule 9011 sanctions.

While the <u>Sekema</u> court holding is based on Rule 9011(b)(2), in <u>In re Feggins</u>, 535 B.R.

862, 867-69 (Bankr. M.D. Ala. 2015), the court, **in dictum**, suggested that the filing of a proof of

---

[14]     See, e.g., <u>F.D.I.C. v. Calhoun</u>, 34 F.3d 1291, 1299 (5th Cir. 1994); <u>Tura v.
Sherwin-Williams Co.</u>, 933 F.2d 1010 (Table), 1991 WL 88346, at *3 (6th Cir. 1991) (per curiam)
(unpublished); <u>In re Lawrence</u>, 494 B.R. 525, 532-33 (Bankr. E.D. Cal. 2013); <u>Matter of Leeds Bldg.
Products, Inc.</u>, 181 B.R. 1006, 1010 (Bankr. N.D. Ga. 1995).

claim for a time-barred claim violates both Rule 9011(b)(1):

> A facially time-barred proof of claim is not well-founded. It follows that **a creditor's only possible purpose** in filing a facially time-barred proof of claim **is to take advantage of the automatic claims allowance process** of § 502(a) and hope that the debtor and the bankruptcy court do not notice the defect. **Such conduct is an abuse of the claims allowance process** and an affront to the integrity of the bankruptcy court.
>
> .   .   .
>
> The Bankruptcy Code and Rules provide remedy for such conduct.   .   .   . Bankruptcy Rule 9011 authorizes the bankruptcy court to **impose sanctions on creditors who file proofs of claim for any improper purpose** or who make claims or legal contentions that are not warranted by existing law.

535 B.R. 868-69 (internal quotations omitted)

There also are reported decisions that have stated, **in dicta**, in the course of **denying** claims brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692-1692p ("FDCPA"), that the filing of proof of claim for an obviously time-barred claim violates Rule 9011. See Torres v. Asset Acceptance, LLC, 2015 WL 1529297, at *6 (E.D. Pa. Apr. 7, 2015), appeal pending, No. 15-2132 (3d Cir.); In re Chaussee, 399 B.R. 225, 240 (B.A.P. 9th Cir. 2008). Interestingly,  in the course of **upholding** FDCPA claims for the filing of stale proofs of claim, there also are reported decisions that have stated, **in dicta**,, that such filings violate Rule 9011. See Feggins, 535 B.R. at 867-69; In re Avalos, 531 B.R. 748, 757 (Bankr. N.D. Ill. 2015).

To some extent, the holdings and dicta in the cases cited above are driven by a concern that the bankruptcy courts are facing a "deluge" of proofs of claim for time barred claims, filed by "[c]onsumer debt buyers   .   .   .   armed with hundreds of delinquent accounts purchased from creditors," Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1256 (11th Cir. 2014), cert. denied, 135 S. Ct. 1844 (2015).  One court has depicted the filing and allowance of these claims

as an abuse of the claims allowance process:

> Bankruptcy is not a free-for-all that invites creditors to gorge themselves on the debtor's assets without regard to the merit or enforceability of their claims. Rather, bankruptcy is intended to offer an insolvent debtor a fresh start while equitably dividing the debtor's assets among creditors who hold meritorious and enforceable claims. See 11 U.S.C. § 502(b)(1). A creditor's lot in bankruptcy is famine, not feast, because the debtor's insolvency usually means that there will not be enough assets to make all of the creditors whole. A creditor who obtains payment via an undeserving proof of claim exacerbates this problem and undermines one of bankruptcy's key purposes by parasitically diluting the already meager shares of deserving creditors still further.

Feggins, 535 B.R. at 869.

**2.**

There is legal authority contrary to the Debtor's position, including a decision from this district, In re Keeler.

In Keeler, the debtor filed an adversary proceeding against a creditor for filing a claim that it "knew or should have known" was time-barred under §105(a), the FDCPA, the Pennsylvania Unfair Trade and Consumer Protection Law, 73 P.S. §§201-1 et seq., and 28 U.S.C. §1927. Keeler, 440 B.R. at 357. Although Rule 9011 was not at issue, in granting the defendant-creditor's motion to dismiss the adversary complaint, the Keeler court unequivocally held the creditor committed no impropriety in filing a stale proof of claim. The court offered a number of rationales for its decision.

First, the Keeler court reasoned that the existence of a "claim" as defined by 11 U.S.C. §101(5) is a distinct concept from its "allowance" (i.e., the entitlement to share in the distribution from the estate). Based on this distinction, as well as the broad definition of "claim," which

-18-

encompasses rights to payment that may are not currently enforceable,[15] the court concluded that

the Code gave the creditor holding a claim barred by the statute of limitations the right to file a

proof of claim.  See 440 B.R. at 362-63.[16]

Second, the Keeler court considered the treatment of the issue under the Bankruptcy Act.

Concluding that the filing of time-barred proofs of claim was permitted under the prior Act, see

---

[15]    As the Keeler court explained:

> For example, Pennsylvania law provides that a cause of action exists
> only when a party has the present right to bring suit. Therefore, a lawsuit brought
> before a cause of action has accrued is premature and subject to dismissal. For
> example, there can be no judgment against a promissor in an action brought on a
> promissory note before it is due.

> However, although Pennsylvania would not permit a civil action to commence
> on an unmatured claim, Congress has authorized an entity holding an unmatured
> claim or contingent claim to file a proof of claim. See 11 U.S.C. §101(5)(A).

440 B.R. at 363 (case citations omitted).


[16]    Recognizing that this footnote is dictum, and without opining whether Keeler may have
been correctly decided on other grounds, I observe that I fail to understand how the initial rationale
articulated by the court  –  i.e., distinction between a "claim" under 11 U.S.C. §101(5) and "allowed
claim" under §502(a) –  supports the proposition that a claimant may file a time-barred proof of claim.
Indeed, I think the distinction cuts the other way because it illustrates that allowance requires an
affirmative act by the claimant through the filing of a document with the court.  Accordingly, it strikes
me as indisputable that the act of filing a document to obtain some benefit or right conferred through the
judicial process is subject to Rule 9011.  The more pertinent (but closer) question, as to which I have
located no binding authority in this Circuit, is whether (or the degree to which) Rule 9011 imposes a duty
on a claimant to investigate responses it may have to a meritorious affirmative defense that appears
"obvious" on the face of the document filed by the claimant.  It is not obvious how this Rule 9011
principle can be squared with the general proposition that affirmative defenses can be waived.

In re Weidenfeld, 277 F. 59, 61-62 (2d Cir. 1921),[17] and taking into account the expansion of the

definition of the term "claim" when the present Code was enacted in 1978, the court perceived no

Congressional intent to overrule prior practice.  Keeler, 440 B.R. at 364 (citing Dewsnup v.

Timm, 502 U.S. 410, 419 (1992) ("[T]his Court has been reluctant to accept arguments that

would interpret the Code, however vague the particular language under consideration might be,

to effect a major change in pre-Code practice that is not the subject of at least some discussion in

the legislative history.")).

Third, the Keeler court found support for its conclusion in bankruptcy court decisions

from other jurisdictions holding that the claims allowance process contemplates that stale proofs

of claim may be filed subject to objection based on the expiration of the statute of limitations.

See In re Andrews, 394 B.R. 384, 387 (Bankr. E.D.N.C. 2008); In re Simpson, 2008 WL

4216317, at *2 (Bankr. N.D. Ala. Aug. 29, 2008); In re Varona, 388 B.R. 705, 723-24 (Bankr.

E.D. Va. 2008).   In this line of cases, the courts emphasize that the expiration of the statute of

limitations does not extinguish a claim, but merely imposes a procedural barrier to the claimant's

right to seek redress through the court.  Indeed, sometimes that procedural barrier may be lifted,

such as through the "acknowledgment" of the debt.  See generally In re Irwin, 509 B.R. 808, 820

(Bankr. E.D. Pa. 2014) (discussing the acknowledgment doctrine under Pennsylvania law).

---

[17]      In Weidenfeld, the Second Circuit stated:

> The defense of the statute of limitations is a bar to a claim, and, when it is
> interposed, it must be pleaded and proved. In the absence of such a defense,
> presented by objection, it was permissible [for the claimant] to file and prove
> [the] claim.

277 F. at 61-62.

Further, in many jurisdictions, the statute of limitations defense is an affirmative one that is

waived if not raised by the defendant.  In Keeler, the court cited Pennsylvania case law for both

of these propositions and concluded that in Pennsylvania, "[a] debt barred by the statute of

limitations is not extinguished; rather, it is subject to an affirmative defense that can be waived."

440 B.R. at 365.

Given the nature of the legal consequences attending the expiration of a statute of

limitations under applicable nonbankruptcy law, the Keeler court perceived no impropriety in the

filing of a stale proof of claim in a bankruptcy case.  Id. at 366; accord Hess, 404 B.R. at 752

("Unless and until local or national rules changes are made, it is incumbent on debtors, their

counsel, and the Chapter 13 Trustee, carefully to scrutinize proofs of claims to identify and

object, if appropriate, to stale claims.").  Thus, while Keeler did not specifically address Rule

9011, it stands for the proposition that it is permissible for a creditor to seek allowance of a stale

proof of claim and place the burden on the debtor or trustee to object to the claim.

Recently, in In re Jenkins, 538 B.R. 129, 135 (Bankr. N.D. Ala. 2015), a bankruptcy court

in Alabama invoked much the same reasoning as in Keeler and concluded that "the filing of a

claim on a debt that is stale under state law  –  where the proof of claim is otherwise in all

material respects compliant  –  is not egregious and offensive conduct that Rule 9011 was

intended to address.  The Jenkins court also expressed concern that such a holding will lead

courts down the proverbial "slippery slope," with undesirable consequences:

> If  .  .  . Sekema and Feggins are correct, why would not any claim that is later
> disallowed under §502(b) for any reason be frivolous and groundless so that it is
> not one that may have been filed under §501?  It seems circular to say that
> because the claim was disallowed, it was never allowed, and because it was never
> allowed, it was not a claim that the creditor may file a proof of claim for under

-21-

§501, although it could never have been disallowed had the claim not been filed. If the frivolous and groundless categorization is reserved for claims that are subject to a statute of limitations defense, does this court then have a duty under [United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 277 n.14 (2010)] to examine every claim, not just those filed by debt collectors, even where no objection to the claim is filed, and disallow as frivolous and groundless any that appear on their face to be subject to a statute of limitations defense?

Jenkins, 538 B.R. at 136 (quotation marks and footnote omitted).

## C. Analysis

In order to resolve the present matter, I need not choose between the Sekema/Feggins and Keeler/Jenkins lines of cases.  Even if I were to agree that Rule 9011 imposes a duty on a claimant to investigate and develop a response to overcome an "obvious" affirmative defense before filing a proof of claim, sanctions are not appropriate in this case and will not be appropriate under Rule 9011(b)(2) unless and until the division of authority discussed above is settled definitively by the Supreme Court.

## 1.

Initially, I perceive no basis to impose sanctions under Rule 9011(b)(1).

I respectfully disagree with the suggestion in Feggins that filing a stale proof of constitutes the filing of a document for an "improper purpose" as that term is used Fed. R. Bankr. P. 9011.  Such a proof of claim fits none of the examples of improper purpose stated in the rule (harassment, causing unnecessary delay or increasing the cost of litigation).  Nor does the filing of a stale proof of claim appear to satisfy the more general type of improper purpose (i.e., a purpose other than to vindicate the rights put at issue by the filing of the document, see n.14 &

accompanying text, <u>supra</u>).  Quite the opposite.  A stale proof of claim is filed to obtain the

precise relief afforded to a properly filed, valid proof of claim: the allowance of the claim.

Whether the proof claim is so unfounded on the merits that the filing may warrant sanctions

should be evaluated under Rule 9011(b)(2), not 9011(b)(1).[18]

## 2.

Second, as far Rule 9011(b)(2) is concerned, in light of the uncertain state of the law, the

imposition of sanctions for filing a stale proof of claim is inappropriate.

As a starting point, "the test for Rule 9011 sanctions is a stringent one."  <u>In re 15375</u>

<u>Mem'l Corp.</u>, 430 B.R. 142, 150 (Bankr. D. Del. 2010).  Rule 9011 sanctions are imposed only in

exceptional circumstances where the claim is "patently unmeritorious or frivolous,"  <u>Dura Sys.,</u>

<u>Inc. v. Rothbury Investments, Ltd.</u>, 886 F.2d 551, 556 (3d Cir. 1989), <u>i.e.</u>, where it is "clear that a

claim has absolutely no chance of success."   <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1275 (2d Cir.

1986); <u>accord</u> <u>Zuniga v. Riverview Residential Partners, II, L.P.</u>, 2011 WL 240162, at *3 (E.D.

Pa. Jan. 25, 2011).  Rule 9011 is not intended to chill an attorney's creativity in pursuing legal

theories.  <u>Rothbury Investments</u>, 886 F.2d at 556.  Sanctions should not be imposed based on

hindsight bias, but rather, the conduct should be evaluated based on what was reasonable at the

time of the filing.  <u>See</u> <u>id.</u>; <u>15375 Mem'l Corp.</u>, 430 B.R. at 150.  All doubts should be resolved

in favor of the signer of the filed document.  <u>See</u> <u>Ohio Cas. Grp. v. McClinton</u>, 1991 WL

---

[18]        I am not suggesting that the lack of merit is never relevant under Rule 9011(b)(1).  The
patent lack of merit may be a circumstance contributing to the conclusion that a filing was for an
improper purpose, especially when the types of improper purpose expressly described in the rule are at
issue (<u>i.e.</u>, harassment, delay, needlessly increasing the expense of litigation).

125467, at *3 (E.D. Pa. June 27, 1991).

Here, the reported cases, all of which are supported by thoughtful opinions, are divided

on the propriety of filing a stale proof of claim.  The case law includes a decision in this district

that supports the claimant's position, with no binding Third Circuit or Supreme Court precedent

to the contrary.

In these circumstances, the conclusion is inescapable.  There is no basis under Rule

9011(b)(2) to sanction this claimant for filing a stale proof of claim.  It is not possible to

conclude that the filing satisfies the Rule 9011(b)(2) requirement that it was not "warranted by

existing law or by a nonfrivolous argument for the extension,  modification, or reversal of

existing law."  Sanctions should not be imposed for putting forward a claim or argument if

circuit case law is unsettled, but there is support in this circuit or other circuits for the position

taken.  See Matthews v. Freedman, 128 F.R.D. 194, 200 (E.D. Pa. 1989) (citing Edward D.

Cavanagh, Developing Standards Under Amended Rule 11 of the Federal Rules of Civil

Procedure, 14 Hofstra L. Rev. 499, 543-44 (1986)), aff'd, 919 F.2d 135 (3d Cir. 1990); see also

Andrews, 394 B.R. at 388 (sanctions are not appropriate if party reasonably relies on existing

case law, even if the court disagrees with those decisions); see generally Zuniga, 2011 WL

240162, at *3 (party's removal of case from state court held not frivolous or sanctionable in light

of a "vacuum" of legal authority on its propriety).

Indeed, given the split in the case law, it is difficult to see how sanctions under Rule

9011(b)(2) can be imposed on claimants filing stale proofs of claim, even if, in the future, a

substantial number of courts (including, perhaps, several courts of appeal) adopt the

Sekema/Feggins position that it is improper to file proofs of claim without investigating and

-24-

developing plausible responses to obvious affirmative defenses to a proof of claim.  See

generally Georgene M. Vairo, Rule 11 Sanctions: Case Law Perspectives and Preventive

Measures §6.05[a][1][A] at 340 (3d ed. 2004) (discussing decisions in which arguments relying

on precedent from outside the circuit that are inconsistent with circuit precedent may be made

consistent with Rule 11).  Unless and until the Supreme Court resolves the issue, a rational

argument exists for the practice of filing stale proofs claims and compelling debtors and trustees

to object to their allowance.[19]

---

[19]      While I do not decide the issue, I note that even if I ignored the legal authority that
supports the filing of stale proofs of claim, there is some doubt whether sanctions could be imposed on
the present record.

        The record consists of nothing more than a proof of claim that, on its face, appears to be
based on a claim that is unenforceable under applicable nonbankruptcy law due to the expiration of the
statute of limitations.  There is nothing in the record regarding the pre-filing "inquiry" of the claimant
that would allow the court to determine that it was not "reasonable under the circumstances" under Rule
9011(b)(2).

        I recognize that at least part of the reason that the record is silent on the issue of the
claimant's pre-filing inquiry is that the claimant did not respond to the Motion.  I also recognize that
Sekema was in the same procedural posture and the court there inferred from the silence in the record
that no reasonable inquiry occurred.  There is some support for the Sekema court's approach.  See Digeo,
Inc. v. Audible, Inc., 505 F.3d 1362, 1368 (Fed. Cir. 2007) ("Once a litigant moves based upon
non-frivolous allegations for a Rule 11 sanction, the burden of proof shifts to the non-movant to show it
made a reasonable pre-suit inquiry into its claim").  Particularly in light of the interest in minimizing the
scope of Rule 11 litigation, the shifting burden may be appropriate.  However, if the burden does not
shift, then the Motion here would fall short.  A reasonable case can be made for the proposition that the
burdens in Rule 11 litigation should remain, at all times, on the party seeking the imposition of sanctions
and that adequate discovery tools exist to permit the moving party to develop an adequate record.  This is
another issue that I do not reach today.

# V.  CONCLUSION

The parties that decry the practice of filing stale claims as an abuse of the bankruptcy

claims allowance system may be correct. Certainly, some courts agree.  The bankruptcy court's

inability to sanction parties that file stale proofs of claim under Fed. R. Bankr. P. 9011 may

frustrate the parties compelled to undertake the obligation of objecting to stale claims and the

courts in which such claims are filed.  However, given the present state of the law, there is a

respectable argument that claimants are entitled to file stale claims because the statute of

limitations is a waivable, affirmative defense.  As a result, Rule 9011 is not the proper vehicle to

remedy the perceived problem.

The limitations built into Rule 9011 are **purposeful**.  Rule 9011 is intended to address

abuses in the litigation process.  The Rule is not intended to be a broad remedy for correcting

other, diverse types of mischief that offend policies embodied in a particular statute – here, the

Bankruptcy Code policy of an equitable distribution of limited assets to creditors holding valid

claims against the bankruptcy estate.  If the practice of filing stale proofs of claim is improper

and should be stopped, some means other than Rule 9011 must be employed by those with the

authority to make that judgment  – at least until the U.S. Supreme Court provides definitive

guidance on the issue.[20]

For the reasons set forth above, the Debtor's Motion will be granted in part and denied in

part.  Palisades' proof of claim will be disallowed.  But the Debtor's request for sanctions will be

---

[20]        One possibility is an amendment of the rules of court, as suggested in In re Andrews, 394
B.R. at 388, e.g., an amendment to Fed. R. Bankr. P. 3001 to require that a claimant make an affirmative
representation in the proof of claim that no statute of limitations defense is applicable.  Another
"solution" would be the application of the FDCPA, to the filing of proofs of claim, an issue that has
divided the courts and is presently pending before the Third Circuit.

denied.

**Date: <u>November 4, 2015</u>**

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**